### Isabel Gray, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 14,556.

VERDICT—*when evidence in civil case sufficient.* In civil cases it is sufficient if the evidence on the whole agrees with and supports the hypothesis which it is adduced to prove.

BAKER, J., dissenting.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed May 11, 1909.

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

W. A. FLANEGAN and COBURN & CASE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $1,000 recovered by the plaintiff in an action on the case for personal injuries.

May 21, 1905, plaintiff, then four years old, and her mother were passengers on a street car of the defendant. Through the negligence of the defendant the car ran against a freight car at a crossing. Appellant contends that the verdict is against the evidence because the evidence fails to show that the plaintiff was injured in or as a result of such collis-

ion, and appellee contends that from the evidence the jury might properly find that in said collision plaintiff sustained what is called a "green stick" fracture of her fifth rib.

The speed of the street car at the time of the collision was six to eight miles per hour. The mother testified that when she saw that a collision was imminent she caught hold of the plaintiff, and that plaintiff and herself were, "thrown to the back end of the car and all the people came back on us." In the collision two of the mother's ribs were broken and she was otherwise severely injured.

Three physicians and surgeons, called by the plaintiff, testified that in November after the collision they examined plaintiff and found a deformity on the right side of plaintiff, and evidence that she had sustained a "green stick" fracture of the fifth rib on the right side. Two physicians and surgeons called by the defendant testified that the deformity was the result of rickets; that plaintiff had a chicken or pigeon breast. We think that from the evidence the jury might properly find that plaintiff's fifth rib was fractured, and that such fracture caused the deformity which existed at the time of the trial. The deformity was first noticed about the first of September after the collision. That the force by which plaintiff and her mother were thrown to the back of the car was sufficient to fracture plaintiff's rib is shown by the fact that her mother's ribs were then fractured.

Dr. Murdock testified that he had seen a great many cases of fractures of the rib not known until a month or a year afterward, although the person whose rib had been broken was attended by a physician.

"In civil cases it is sufficient if the evidence, on the whole, agrees with and supports the hypothesis which it is adduced to prove." 1 Greenleaf's Ev., Sec. 13a. There is in this record proof of force sufficient to cause the injury; of complaint of pain immediately afterwards at the point where evidences of injury were

afterwards discovered; of a marked change in the health, conduct and appearance of the plaintiff after the time of the alleged injury; evidence that such an injury as it is alleged plaintiff suffered might be overlooked and not noticed, even by a physician; evidence negative in its character tending to show that the plaintiff had not been hurt at any other time, and, as has been said, evidence from which, we think, the jury might properly find that plaintiff's rib was fractured before November, 1905.

In the opinion of the majority of the court, not including the writer of this opinion, the jury might from the evidence properly find that plaintiff's rib was fractured in the collision between the street car and freight car and therefore, in the opinion of the majority of the court, the verdict cannot be said to be against the evidence.

We find no error in the rulings of the court on questions of evidence, and do not think that the damages can be held excessive. The judgment of the Superior Court will be affirmed.

*Affirmed.*

Mr. Justice BAKER dissenting.